UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DEWAYNE LAKEITH JOSEPH<br>    LA. DOC #579562<br>VS.<br><br>DARRYL VANNOY | CIVIL ACTION NO. 6:16-cv-0758<br><br>SECTION P<br><br>JUDGE DOHERTY<br><br>MAGISTRATE JUDGE HANNA |

### MEMORANDUM ORDER

Before the court is the Motion to Stay filed by *pro se* petitioner Dewayne Lakeith Joseph in connection with his petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. §2254 on May 31, 2016. [rec. doc. 2].  By this Motion, petitioner requests that his federal *habeas corpus* petition be stayed and held in abeyance while he exhausts additional claims in the Louisiana state courts, so that he may fully exhaust these claims as is required before this Court can review them. More specifically, Joseph seeks to stay and abey this federal proceeding while he exhausts three additional claims raised in a second application for state post-conviction relief which petitioner alleges was filed in the Louisiana state district court on September 28, 2015, and which claims are currently pending review in the Louisiana Supreme Court. These claims are as follows:  ineffective assistance of counsel for failing to discover petitioner's mental health medical records in support of an insanity defense (claim 3 herein), failing to enter a dual plea of not

1

guilty and not guilt by reason of insanity (claim 4 herein) and failing to raise his mental capacity to proceed and not object when the trial court failed to do so *sua sponte* (claim 5 herein).

On direct appeal, petitioner set forth a single assignment of error: that there was insufficient evidence to support his conviction. *See State v. Joseph*, 2012-466, 129 So.3d 69 (La. App. 3rd Cir. 3/6/2013). He presumably fully exhausted this claim through the Louisiana Supreme Court. *See State v. Joseph.*, 2013-KO-0658, 124 So.3d 1091. (La. 10/25/2013). He asserts that claim herein as claim 1.

In his first post-conviction application, filed on September 30, 2014, petitioner alleged that he received ineffective assistance of counsel because counsel failed to investigate petitioner's mental health. He asserts that claim herein as claim 2. This claim was presumably fully exhausted through the through the Louisiana Supreme Court, which denied review on May 20, 2016. *See State ex rel. Joseph v. State*, 2015-KH-1126, 2016 WL 2993963 (La. 5/20/2016).

Petitioner's second state post-conviction application was allegedly filed on September 28, 2015 while his first post-conviction application was pending review in the Louisiana Supreme Court. Although the trial court found all claims in the application procedurally barred under La. C.Cr.P. article 930.4(D) which prohibits review of a successive application which fails to raise a new or different

claim, the Louisiana Third Circuit Court of Appeal addressed and rejected petitioner's third claim for relief (ineffective assistance of counsel for failing to raise petitioner's mental capacity to proceed and for not objecting when the trial court failed to do so *sua sponte*) on the merits, citing *Strickland v. Washington,* because petitioner's "capacity to proceed was fully litigated prior to trial and resulted in the exclusion of the death penalty." [rec. doc. 1-2, pg. 126].

Petitioner filed the instant federal petition for writ of *habeas corpus* only eleven days after the Louisiana Supreme Court denied writs on his first post-conviction application. Petitioner does not provide any plausible reason as to why he failed to fully exhaust the claims in his second state post-conviction application in the Louisiana state courts before proceeding herein. Indeed, this Court's records demonstrate that this is the second time that petitioner has filed a federal *habeas corpus* petition while his claims remain before the Louisiana state courts and before his claims are fully exhausted. *See Joseph v. N. Burl Cain,* 6:15-cv-2674 (W.D. La. 2015). Petitioner's prior federal *habeas corpus* petition was dismissed on January 4, 2016 without prejudice, on petitioner's motion, filed after this Court denied his nearly identical motion requesting the petition be stayed and held in abeyance while petitioner exhausted his claims in the Louisiana state courts. [*Id*. at rec. docs. 7, 8 and 9].

As petitioner has previously been advised in connection with his prior federal *habeas corpus* petition, in the context of "mixed" petitions, the Supreme Court has addressed a district court's authority to grant stays in *habeas* cases pending exhaustion of state court remedies. *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528 (2005). In *Rhines*, the Court held that "[b]ecause granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts . . .", district courts may stay and hold in abeyance *habeas* petitions only in limited circumstances. *Rhines*, 125 S.Ct. at 1535. *See also Neville v. Dretke*, 423 F.3d 474, 479 (5th Cir. 2005). Accordingly, stay and abeyance is only appropriate when there is "good cause" for the petitioner's failure to exhaust his claims in state court prior to proceeding in federal court. *Id.* Moreover, even if there is "good cause" for that failure, stay and abeyance is only appropriate when the unexhausted claims are not "plainly meritless." *Id.*

In the instant Motion, petitioner has failed to establish the criteria for the grant of a stay as set forth in *Rhines*. Initially, the Court notes that petitioner offers no plausible justification as to why he did not exhaust the ineffective assistance of counsel claims raised in his second post-conviction proceeding before filing in this Court.

Petitioner argues that he did not have the assistance of counsel during his first post-conviction proceeding, citing *Martinez v. Ryan*, 566 U.S. - -, 132 S.Ct. 1309, 132 L.Ed.2d 272 (2012). Petitioner suggests that the additional issues which are currently pending in the Louisiana Supreme Court may entitle him to federal *habeas* relief, and accordingly asks this court to stay his pending petition to allow him to complete review of these claims in state court, presumably to comply with this court's complete exhaustion requirement. Petitioner does not, however, provide sufficient factual support for his conclusory allegations, instead he simply submits copies of his state court pleadings and rulings thereon. Thus, there is insufficient support in the record which would enable this Court to make the preliminary determination required by *Rhines*, namely, whether there is, or is not, good cause for petitioner's failure to previously exhaust his claims, and whether the claims are, or are not, "plainly meritless."

Although petitioner suggests that he was forced to file his federal *habeas* petition prior to fully exhausting his claims to avoid being barred by the federal one-year limitation period for seeking federal *habeas corpus* relief set forth at 28 U.S.C. § 2244(d), that argument is not convincing because it does not appear that the one-year limitation period for seeking federal *habeas corpus* relief set forth at 28 U.S.C. § 2244(d) has expired. To the contrary, it appears that after petitioner

fully exhausts the claims raised in his second post-conviction application through the Louisiana Supreme Court, petitioner will have several months of the federal one year limitation period remaining within which to file for federal *habeas corpus* relief.[1]  Thus, it does not appear that staying and holding the instant petition in abeyance would be procedurally proper as petitioner may simply dismiss the instant petition without prejudice, and re-file same immediately after he fully exhausts all claims he wishes to present to this court.  *See Phillips v.*

---

[1] Under federal law, petitioner's conviction became final for purposes of the one year limitation period on January 25, 2014, when the time for seeking further direct review in the United States Supreme Court expired.  *See* 28 U.S.C. § 2244(d)(1)(A); Supreme Court Rule 13; *Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir. 1999); *Roberts v. Cockrell,* 319 F.3d 690, 693 (5th Cir. 2003); *see also Clay v. United States*, 123 S.Ct. 1072, 1077 at fn. 3 (2003).  Petitioner's first, presumably timely, post-conviction application was allegedly filed less than one year later on September 30, 2014.  Petitioner's second post-conviction application was filed on September 28, 2015, before the first application had been ruled on by the Louisiana Supreme Court.  Assuming the first and second post-conviction applications were "properly filed", the federal one year limitation period would be statutorily tolled from the date of filing the first application and would continue to be tolled from the date of filing the second such application.  *See* 28 U.S.C. § 2244(d)(2). Accordingly, the federal limitation period would not expire while petitioner's second application remains properly filed and pending, but rather, the limitation period would remain tolled.

Petitioner apparently erroneously assumes that the procedural bar set forth in article 930.4(D) would render his second post-conviction application improperly filed for purposes of statutory tolling.  However, the Fifth Circuit has "emphasized that the phrase 'properly filed' require[s] compliance with 'procedural filing requirements,' such as 'rules governing notice and the time and place of filing [as well as] requirement[s] that the petitioner obtain judicial authorization for the filing,' but did not include compliance with more complex state procedural doctrines, such as those relating to successive petitions. *Williams v. Cain*, 217 F.3d 303, 307 (5th Cir. 2000) *citing Villegas*, 184 F.3d at 470 and n. 2. *See also Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) *citing Artuz v. Bennett*, 531 U.S. at 8-11 (distinguishing state procedural bars prescribing a rule of decision for a court confronted with certain claims previously adjudicated or not properly presented with "filing conditions" such as timeliness of filing which go to the very initiation of a petition).

*Cain,* 2009 WL 580233, *2 (W.D. La. 2009) *citing Reyer v. King*, 2008 WL 625096, *3 (S.D. Miss. 2008) (dismissing a petition for failure to exhaust noting that the "limited circumstances" justifying stay and abeyance were not present because the petitioner "has ample time to return to state court, exhaust his claim, and file a *habeas* petition before the limitations period for the . . . claim expires.").

On the other hand, if any claims in petitioner's second post-conviction application are ultimately deemed procedurally barred in the Louisiana state courts pursuant to article 930.4(D), those claims would most probably be procedurally barred in this court. As such, the claims would be deemed "plainly meritless." *See Neville*, 423 F.3d at 480-481.

For these reasons, petitioner's request to stay and abey this petition will be denied.

The *Rhines* Court indicated that if a district court determines that stay and abeyance is inappropriate, the district court should allow the petitioner an opportunity to delete unexhausted claims and to proceed with exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief. *Rhines,* 125 S.Ct. at 1535.

Petitioner is faced with a dilemma. He has several alternatives. He may choose to: (1) maintain this petition with the unexhausted ineffective assistance of

counsel claims, with full knowledge that the entire petition is subject to dismissal; (2) he may indicate to the court that he wishes to dismiss the unexhausted ineffective assistance of counsel claims so that he may proceed on his sufficiency of the evidence claim and his exhausted ineffective assistance of counsel claim, with full knowledge that he will risk the opportunity to present his unexhausted ineffective assistance of counsel claims in a successive petition[2]; or (3) dismiss this entire petition without prejudice so that he can exhaust all of his claims before refiling in this court.  Should petitioner choose the third option, to dismiss the entire petition without prejudice, petitioner is advised that he should **immediately** re-file in this court once the Louisiana Supreme Court issues its decision on his second post-conviction application, to avoid the possibility that the re-filed petition would be considered time-barred.

For the above reasons;

**IT IS ORDERED** that the Motion to Stay and Abey [rec. doc. 2] filed by *pro se* petitioner Dewayne Lakeith Joseph is **DENIED**.

**IT IS FURTHER ORDERED** that, **within fourteen (14) days** from the

---

[2] A petitioner must obtain authorization from the appropriate court of appeals before filing a second or successive petition.  28 U.S.C. § 2244(b)(3)(A), provides in pertinent part, "[b]efore a second or successive application permitted by this section [28 U.S.C. § 2254] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

date of this Order, petitioner shall file a declaration stating whether he (1) requests that this court dismiss his entire petition without prejudice, so that he may fully exhaust his ineffective assistance of counsel claims in the Louisiana state courts, and thereafter re-file his federal petition; (2) requests that this court maintain his petition, as filed, seeking review of both the exhausted sufficiency of the evidence and ineffective assistance of counsel claims and the unexhausted ineffective assistance of counsel claims; or (3) requests that this court dismiss the unexhausted ineffective assistance of counsel claims, proceeding to judgment on his exhausted sufficiency of the evidence and ineffective assistance of counsel claims only.

Signed this 17th day of June, 2016, at Lafayette, Louisiana.

_____
**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**